UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NICHOLAS LOYD YOUNG, SR.    CIVIL ACTION NO. 13-cv-0805

VERSUS    JUDGE WALTER

WARDEN, RIVER CORRECTIONAL CENTER    MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

**Introduction**

  Nicholas Loyd Young, Sr. ("Petitioner") entered a guilty plea in Bossier Parish to failure to register as a sex offender, second offense. He received the maximum 20-year sentence, which was affirmed on appeal. State v. Young, 73 So.3d 473 (La. App. 2d Cir. 2011), writ denied, 84 So.3d 550 (La. 2012).

  Petitioner later filed a post-conviction application in state court. He complained that he received ineffective assistance of counsel because his appointed attorney incorrectly advised him that he would receive a one-year sentence if he entered a guilty plea. The state courts denied relief, and Petitioner filed this federal habeas petition that asserts the same claim. Petitioner originally presented two other claims in his federal petition, but he voluntarily dismissed them after the court questioned whether he had exhausted his state court remedies with respect to those claims. For the reasons that follow, it is recommended that relief be denied on his remaining claim.

**Relevant Facts**

Petitioner's criminal history began in 1982 and includes convictions for misdemeanor theft, DWI second offense, simple burglary, and possession of Schedule II drugs. Petitioner was charged in 1995 with aggravated incest. He eventually pled guilty to carnal knowledge of a juvenile, which subjected him to sex offender registration and related requirements. Petitioner was charged with obscenity in 2005 and ultimately pled guilty to failure to register as a sex offender, first offense. He served some time on that charge and was released on parole, only to have his parole revoked. In 2007, he pled guilty to failure to register as a sex offender and, again, had his parole revoked after being released from prison.

Petitioner was released from prison in 2009. On the day he was released, Petitioner registered as a sex offender with the Bossier Parish Sheriff's Office. He was given about six weeks to complete the community notification requirements of registration. Petitioner's parole officer visited his registered address several days later, and the landlord told the parole officer that Petitioner left with someone several days earlier and never returned. The parole officer obtained a warrant for Petitioner's arrest, and Petitioner was taken into custody a couple of months later. He was charged with failure to register as a sex offender, third offense. Petitioner said he had been staying with friends here and there, as well as staying under a bridge over Red Chute Bayou in Haughton.

Petitioner was represented by Guy Lillian of the Public Defender's Office. He initially pled not guilty, but he later changed his plea to guilty of failure to register, second offense. Petitioner contends that his attorney persuaded him to plead guilty when the

attorney told him the judge would give only a one-year sentence if his failure to register was a mere technical matter.

The relevant statute, La. R.S. 15:542.1.4, makes it a crime for certain sex offenders to fail to timely register or comply with other requirements. Among the requirements are to give notification of a change of address and provide community notification. The penalty for first offense is a fine and imprisonment with hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence. "Upon second or subsequent convictions, the offender shall be fined three thousand dollars and imprisoned with hard labor for not less than five years nor more than twenty years without benefit of parole, probation, or suspension of sentence." § 542.1.4(A)(2).

When the case was called, defense counsel stated that Petitioner wished to withdraw his not guilty plea and enter a plea of guilty to failure to register, second offense. The court asked defense counsel: "And this is the one you and I spoke about?" Counsel answered that it was, and the court continued, "That we're going to determine the - - what the violation or the - - okay."

The court engaged Petitioner, who has a ninth-grade education, in the Boykin colloquy. He asked if counsel had explained to Petitioner the minimum and maximum penalties for the charge. Petitioner answered yes, but the actual penalty range was not mentioned at the hearing. The court asked if Petitioner understood the sentence "is going to be up to the court," and Petitioner answered yes. The following exchange then occurred:

> THE COURT: Has there been any promises or threats made to you in order to induce you to enter this plea?
>
> PETITIONER: PSI, and - -
>
> THE COURT: What I'm saying is, has there been any promises or threats made to you to get you to enter this plea?
>
> PETITIONER: No. No, sir.

Petitioner contends that the transcript is inaccurate. He represents that when the judge asked if there had been any promises, he answered that he was promised a pre-sentence investigation ("PSI") plus a one year sentence and no multiple offender bill. He states, "They started confusing things, then the judge asked again if I had been promised anything, so being intimidated and scared I said no."

The prosecutor recited a factual basis that included two prior convictions for failure to register. Petitioner responded that he had been convicted only once, in Caddo Parish, and that he had registered with the Haughton Police Department in Bossier Parish when he most recently got out of jail. "The only thing I didn't do, your Honor, was I didn't send out my notifications because it costed me money." Petitioner said he "didn't have the money" to do so. The judge clarified that this would be a second offense, and Petitioner entered his plea of guilty. The judge said that he would order a PSI, and a date was set for sentencing.

Three days after the guilty plea hearing, Petitioner sent a letter to his attorney. He wrote that he was "confused about my plea and eventual sentence." The letter continued:

> Can you please explain to me "in writing" the nature of my plea as I understood that I was receiving a one (1) year sentence. Obviously that is in doubt as a pre-sentence investigation was ordered and according to the Code

> of Criminal Procedure for the State of Louisiana, I face a five (5) to twenty (20) year sentence at hard labor.
>
> I would not have plead guilty had I know I could possibly be facing twenty (20) years in prison and would appreciate an immediate reply so that I may reserve my options and I also remember you informing me you would be out of the country during the month of September.

Counsel responded by letter dated the next day. He wrote as follows:

> The judge stated that, should your failure to register be a mere technical matter, he will give his usual sentence of one year. A technical violation involves missing one part of a requirement that covers several actions, such as registering both with the sheriff and the local police. If the judge finds that the violation was more willful, he might be less generous.
>
> When I return from vacation September 21st I will discuss this with you more fully. I will say now that if the judge's decision seems to be harsh, we can request permission to withdraw your plea. However, this will mean a trial, and a conviction would undoubtedly mean more time. My suggestion is to write to Judge Michael Craig and explain your violation, in as personal and human terms as you can.
>
> I will talk to you in late September.

There is no evidence of record of any further discussions between Petitioner and counsel.

Petitioner and counsel appeared together for sentencing on December 7, 2010. The court began the hearing by asking for Petitioner's name and address. Petitioner gave that information, and the court immediately proceeded to discuss Petitioner's criminal history and the reasons for sentence. The court noted Petitioner's extensive criminal record and the importance of the registration process as reasons to justify a 20-year sentence. Defense counsel made a short objection that the sentence was excessive. Petitioner was never called

on to speak, other than to state his name and address, and there was no mention of Petitioner's belief that he would receive a one-year sentence.

**State Court Rulings**

Petitioner complained in his post-conviction application that counsel was ineffective because he misled Petitioner about the sentence he would receive if he entered a guilty plea. Petitioner attached to his application the two letters that were quoted from above. The State has not challenged the authenticity of the letters.

Judge Michael Craig, who was also the judge who accepted the guilty plea and entered sentence, ruled on the post-conviction application. The district attorney raised a number of procedural objections, but the court addressed the application solely on the merits. The judge acknowledged that the Sixth Amendment right to counsel extends to the plea bargaining process, and he discussed the requirements of showing deficient performance and prejudice in that context. The court noted that if defense counsel misinforms a defendant concerning the penalty provisions, that error might constitute ineffective assistance of counsel. The court found, however: "In Petitioner's case, there is no evidence in the record that an alleged plea agreement existed in which Petitioner was 'promised or induced' to plead guilty to Failure to Register as a Sex Offender 2nd Offense in order to receive a sentence of 'one year' if he pled guilty."

The court continued: "In fact, the contrary exists, as Petitioner's guilty plea transcript contains no mention of any type of 'plea bargain.'" The court went on to observe that the plea transcript showed that the court asked Petitioner if his counsel had explained the

minimum and maximum penalties for the charge, and Petitioner answered yes. The court also pointed to Petitioner's denial of being promised or threatened in any way to enter a guilty plea. Based on those facts, the court denied the application. The court did not mention the two letters.

Petitioner applied to the state appellate court for supervisory writs. That court simply wrote: "On the showing made, this application is denied." The Supreme Court of Louisiana denied writs without comment.

**Strickland and Guilty Pleas**

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

To show prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985). The deficient performance also must have caused the outcome to be unreliable or the proceeding to be fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838 (1993); Armstead v. Scott, 37 F.3d 202, 206-07 (5th Cir. 1994). The test for whether petitioner would have insisted on trial is an objective one and "[s]imply alleging prejudice will not suffice." Mangum v.

Hargett, 67 F.3d 80, 84 (5th Cir. 1995); Armstead; Williams v. Smith, 888 F.2d 28 (5th Cir. 1989).

**Habeas Burden**

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches

only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

**Analysis**

### A. Performance

Petitioner argues that his attorney rendered deficient performance when he told Petitioner that he would probably receive a one-year sentence if he pleaded guilty. Strickland does not guarantee perfect representation, only a reasonably competent attorney. Harrington, 131 S.Ct. at 791. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 104 S.Ct. at 2065. The initial questions are thus whether counsel gave such advice and whether it was not competent representation.

The relevant evidence consists of the transcripts and the letters. The transcript of the guilty plea begins with the judge acknowledging that the court and counsel "spoke about" the case prior to the entry of the plea. The court then began but did not finish a statement about how they were "going to determine the - - what the violation or the - - okay." Petitioner said yes when the court asked whether counsel had advised him of the sentencing range, but that range was never stated at the hearing. Petitioner also stated that he understood the sentence would be up to the court. When Petitioner was asked if any promises had been made, he began with "PSI, and - -" but (according to the transcript) was then interrupted by the court. He eventually answered that no promises or threats were made. Petitioner

contends that he told the court that he was promised a one-year sentence, but this did not appear on the transcript.

Petitioner would likely be out of luck on this claim—even though the transcript has some vague hints of support for his version of the events—except for the letter written by his attorney. That letter, written in response to Petitioner's concerns about whether he could receive a one-year sentence when the range was 5 to 20, contains counsel's statement that: "The judge stated that, should your failure to register be a mere technical matter, he will give his usual sentence of one year." This advice appears to have been completely out of line with the statute under which Petitioner was charged, which carried a 5 to 20 year term without the possibility of probation or suspension of sentence.

The record filed with this court indicates that the letters from counsel and Petitioner were attached to the post-conviction application. The state court found that there was "no evidence in the record" of an alleged *plea agreement* by which Petitioner was promised a sentence of one year in exchange for his guilty plea. The court acknowledged that Petitioner was also presenting a Strickland claim but did not mention the letters or address whether they supported Petitioner's ineffective assistance claim (as opposed to a breached plea bargain claim, which is a different sort of claim).

The typical ineffective assistance claim in a habeas petition asks whether the state court's decision was an unreasonable application of Strickland under Section 2254(d)(1). The performance prong in this case is more of a factual issue, and relief is permitted under 2254(d)(2) only if the state court decision was "based on an unreasonable determination of

the facts in light of the evidence presented in the state court proceedings." Another provision of the statute states that "a determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Section 2254(e)(1). The Supreme Court has not yet defined the precise relationship between the two provisions, Brumfield v. Cain, 135 S.Ct. 2269, 2282 (2015); Burt v. Titlow, 134 S.Ct. 10, 15 (2013), but there is plainly a deferential standard applied to the state court decision of a factual issue.

The Fifth Circuit has required habeas petitioners who presented similar claims to establish that counsel clearly and unequivocally guaranteed a lesser sentence or some other specific leniency such as parole. The petitioners were required to show (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. Bond v. Dretke, 384 F.3d 166 (5th Cir. 2004); Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002).

Petitioner in this case presented a letter signed by his attorney that included the representation that the judge would, if the failure to register was a mere technical matter, "give his usual sentence of one year" even though Petitioner had pointed out to counsel that the statute called for a sentence between 5 and 20 years. The letter shows a representation from counsel that the sentencing judge said he would give a sentence of only one year if the failure was a mere technical matter, and the record indicates that the lack of community notification might be such a matter. There does not appear to be any legal basis for the promise made by counsel. Despite the heavy burden he faces, Petitioner has at least a

plausible claim that the state court's adjudication of this factual issue was incorrect, that counsel did make him a promise of a lesser sentence, and that promise was not reasonably competent representation in this case. The court need not decide the issue, however, because Petitioner has not met his burden on the prejudice prong.

### B. Prejudice

A court deciding an ineffective assistance claim need not address both components in order. The claim may fail if either prong is not established. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." Strickland, 104 S.Ct. at 2069.

To show prejudice in this guilty plea case, Petitioner must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 106 S.Ct. at 370. The petitioner must affirmatively prove prejudice, and a mere allegation of prejudice is not sufficient. Armstead, 37 F.3d at 206. The assessment will depend in part on a prediction of what the outcome of the trial might have been. For example, if counsel is faulted for not discovering potentially exculpatory evidence, the prejudice inquiry will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation on the plea. If the alleged error is a failure to advise of a potential affirmative defense, the prejudice inquiry will ask whether the defense likely would have succeeded at trial. Armstead, citing Hill v. Lockhart, 106 S.Ct. at 369-70.

Petitioner appears to concede that he was guilty of failing to comply with the community notification process and that he had been convicted at least once in the past under the same statute. Petitioner's absence from his registered address for an extended time would likely have also served as grounds for conviction. Petitioner has not identified any lack of proof of his guilt or a viable affirmative defense.

Petitioner plainly would have preferred a one-year sentence, but there is nothing but his conclusory statement in the record that he would not have pleaded guilty had he known he was facing 20 years in prison. Of course, even if counsel had given proper advice about the sentencing range, Petitioner would not have known that he would receive a 20-year sentence. He would know that he was facing a sentence of between 5 and 20 years, and the information in the PSI would influence the judge in setting that sentence. Considering the lack of any plausible defense, there is not a strong reason to believe that Petitioner would have insisted on going to trial had counsel properly advised him about the sentencing range. The case, even with proper advice given, would almost certainly have ended in a guilty plea, and the sentence would be up to the judge. Considering these facts, there is not a sufficient basis to overturn the state court's decision under the deferential standard of Section 2254(d).

**Conclusion; COA Recommendation**

Petitioner has some facts and law in his favor, but it is the opinion of the undersigned that he has not established a basis for relief under the demanding standard of Section 2254(d). Under these circumstances, it must be recommended that the petition be denied, but it is also recommended that Petitioner be granted a certificate of appealability under 28

U.S.C. § 2253(c). Plaintiff has at least made a substantial showing of the denial of a constitutional right that is worthy of appellate review.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for habeas corpus relief be **denied**.

**IT IS FURTHER RECOMMENDED** that Petitioner be granted a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of March, 2016.

Mark L. Hornsby
U.S. Magistrate Judge